CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 14, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
             DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| QUENTIN JUDGE, | ) |
| Plaintiff, | ) Case No. 7:25-cv-00449 |
| v. | ) **MEMORANDUM OPINION** |
| UNKNOWN, | ) By:   Hon. Thomas T. Cullen |
| Defendant. | )        United States District Judge |

Plaintiff Quentin Judge, proceeding *pro se*, filed this civil-rights action under 42 U.S.C. § 1983 against unnamed Defendants. (*See* Compl. 1 [ECF No. 1].) Now before the court is Plaintiff's motion seeking a temporary restraining order. (*See* Pl.'s Mot. for TRO [ECF No. 2] [hereinafter "TRO"].) For the following reasons, the court will deny Plaintiff's motion.

**I.**

Plaintiff alleges that on May 18, 2025, in the medical department of Wallens Ridge State Prison ("WRSP"), he was assaulted by several WRSP staff.[1] (TRO at 1–4.) He claims that while he was being escorted, in handcuffs, from his cell he was thrown to the floor. (*Id.* at 1.) Then, once in the doctor's room, he was grabbed by his hair and his dreadlocks were forcibly cut off by two WRSP officers. (*Id.* at 1–2.) He further alleges that, while his hair was being cut, his head was struck with scissors, causing him to fall to the ground. (*Id.* at 2.) He was then

---

[1] Plaintiff alleged that he was "beaten and tortured by Lt. Blaha, Sgt. Lewis, & Officer Dawley" (TRO at 1), but the only direct allegation he makes against any of these three individuals is his claim that Dawley was present when his hair was being forcibly cut and he was struck my whomever was holding the scissors (*see id.* at 1–2). Presumably Plaintiff alleges that all three were involved in the incident in question, but Plaintiff did not allege that directly.

struck repeatedly until he fell unconscious. (*Id.*) He alleges that he awoke handcuffed and shackled in only his undergarments in an unsanitary cell. (*Id.*) He claims the cuffs were so tight that he lost feeling in his hands and the skin on his wrists and ankles broke. (*Id.*) According to Plaintiff, more than a month later, he still lacks full feeling in his hands and has scars, lumps, and pain on his wrists. (*Id.* at 2–3.) He further claims that his belongings were not returned to him for 24 days. (*Id.* at 3.)

Since these events, Plaintiff has only left his cell twice because he does not "feel safe around the staff." (*Id.*) He has also told the mental-health department at the prison that he fears for his life and safety around the WRSP staff but received no response or resolution from that department. (*Id.*) Plaintiff claims he is in imminent danger at WRSP and still fears for his life. (*Id.* at 3–4.) On this basis he requests "a temporary restraining order on [WRSP officers] Blaha, Lewis, [and] Dawley" and an immediate transfer to another facility. (*Id.*) He also asks that the court order his injuries "be seen" and that pictures be taken of them. (*Id.*) Finally, he asks that the "bonds and oaths of office" of the staff involved be "put under review." (*Id.* at 4.)

## II.

Federal Rule of Civil Procedure 65 permits district courts to issue temporary restraining orders and preliminary injunctions. However, such remedies are "extraordinary and drastic remedy" and are "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citations and internal quotation marks omitted). To obtain a preliminary injunction or TRO, Plaintiff must clearly show that: (1) he is "likely to succeed on the merits" of his claims; (2) he is "likely to suffer irreparable harm absent preliminary relief"; (3) "the balance of the equities

favors relief"; and (4) "the relief is in the public interest." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). "[E]*ach* of these four factors must be satisfied to obtain preliminary injunctive relief." *Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original) (explaining it is "unnecessary to address all four factors when one or more had not been satisfied"). And in the context of state prison administration, "intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) ("[T]he decisions made by prison administrators in their informed discretion have been accorded 'wide-ranging deference' by the federal courts.") (citations omitted).

### III.

To warrant a temporary restraining order, Plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). Here, though Plaintiff has alleged a past instance of wrongdoing and harm by WRSP staff, he has not offered any specific allegations, beyond his own generalized fear, that establish he faces actual and imminent harm in the future. A plaintiff's non-specific assertions about future threats to his safety are not enough to justify injunctive relief. *See Jackson v. Robinson*, No. 7:24-CV-00147, 2024 WL 3331673, at *2 (W.D. Va. July 8, 2024) (inmate's "vague allegation of threats" was not a sufficient basis to "justify court interference in matters of prison administration"); *Price*

*v. Hubbard*, No. 7:24-CV-00495, 2024 WL 5053110, at *4 (W.D. Va. Dec. 10, 2024) (claim that defendant had overtly "threatened to assault" plaintiff and "write more false charges" was too vague to warrant a preliminary injunction); *see also Albritton v. Anderson*, No. 7:22CV00306, 2023 WL 8810809, at *1 (W.D. Va. Dec. 19, 2023) (describing allegation that plaintiff is "constantly being threatened and retaliated against with false charges" as "vague, lacking any details regarding who has threatened him, when, where, or with what charges").

Because Plaintiff has not alleged any specific threats Defendants have supposedly made against him, he is not entitled to a temporary restraining order enjoining their conduct. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). Accordingly, the Court must deny his motion for injunctive relief.

Additionally, Plaintiff's motion must be denied because he has not shown entitlement to the specific injunctive relief he seeks, namely, that the WRSP officers be generally restrained or that he be transferred to another facility. "[S]weeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994) (citations omitted). Indeed, "[t]he realities of running a penal institution are complex and unique to the prison environment," and "the decisions made by prison administrators in their informed discretion have been accorded 'wide-ranging deference' by the federal courts." *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (quoting *Jones v. N.C. Prisoner's Union*, 433 U.S. 119, 126 (1977)); *see also Albritton*, 2023

WL 8810809, at *1 ("Administration of state prisons, including where prisoners are housed, is left to prison administrators who are in the best position to evaluate prisoner needs, including prisoner safety; federal courts give high deference to the placement decisions of state prison officials.").

"Even where there has been a finding on the merits that unconstitutional conditions exist, federal courts should proceed cautiously and incrementally in ordering remediation so as not to assume the role of prison administrators." *Taylor*, 34 F.3d at 269 (collecting cases) (noting that even more caution should be shown where there have only been preliminary findings concerning Plaintiff's likelihood of success). And, as a general matter, "intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Id.*

Here, Plaintiff's speculation about potential future harm does not satisfy the "heavy burden to justify court interference in matters of prison administration." *Jackson*, 2024 WL 3331673, at *2 (noting a vague allegation of a threat by an unnamed individual "is essentially no evidence at all"); *see also Albritton*, 2023 WL 8810809, at *1 (describing allegation that plaintiff is "constantly being threatened and retaliated against with false charges" as "vague, lacking any details regarding who has threatened him, when, where, or with what charges"). Thus, Plaintiff is not entitled to the specific preliminary injunctive relief he seeks.

## IV.

For the reasons set forth above, Plaintiff's motion seeking a temporary restraining order (ECF No. 2) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 14th day of July, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE